## MASON *v.* BOHANNAN.

Opinion delivered June 25, 1906.

SALE OF CHATTELS—BREACH OF WARRANTY—REMEDY.—An action for damages, and not replevin, in the absence of fraud or concealment of facts, is the remedy for breach of an express warranty against incumbrances in a sale of chattels.

Appeal from Madison Circuit Court; *John N. Tillman,* Judge; affirmed.

Action of replevin by Goldman Mason against George Bohannan to recover possession of a horse and damages for detention. Judgment for defendant, and plaintiff appealed.

*Harris & Ivie,* for appellant.

1. Upon the sale of a chattel by one in possession, the law implies a warranty of title, and the seller is answerable to the purchaser if it be taken from him by one having a better title than the seller, whether the latter knew of his defect of title or not. 19 Ark. 447. The court should have directed a verdict for appellant, since the evidence was not legally sufficient to sustain a verdict for appellee. 57 Ark. 431. The burden was on the appellee to show that he was not to be held for the mare's season, and also that he had been discharged by special agreement from the implied warranty. 17 L. R. A. 545.

2. The first and second instructions were so broad and unqualified in their terms as to mislead the jury. 18 Ark. 521.

Appellee, *pro se.*

This court will not interfere with the verdict, unless the evidence fails to support, where the case was fairly submitted upon proper instructions. 46 Ark. 142; 49 Ark. 122.

McCULLOCH, J. Mason was formerly the owner of the horse in controversy, and exchanged it with Bohannon for a mare which the latter had received in a trade with one Powell, and upon which Ledbetter held a lien for the services of his jack. In the trade between Bohannan and Powell the latter agreed to pay the debt to Ledbetter and discharge the lien, but failed to do so, and Ledbetter attached the mare in the hands of Mason. It is undisputed that Bohannan informed Mason, at the time of the trade between them, that Ledbetter had held a lien on the mare, and that Powell had agreed to satisfy the same; and it is also undisputed that Bohannan did not know at that time, and so stated to Mason, whether or not Powell had in fact paid the debt. Mason claims, however, that Bohannan warranted the title of the mare against the incumbrance, but Bohannan denies this, and herein lies the point of difference between them.

Under this state of the case the court instructed the jury, in substance, that if it was agreed between the plaintiff and defendant that the latter should not be liable for the incumbrance

on the mare, then the plaintiff could not recover; but, unless the jury should find that they made such agreement, the verdict should be for the plaintiff for recovery of the horse which he delivered to defendant in exchange for the mare. This instruction was too favorable to the plaintiff. In sales of chattels the law implies a warranty of title against incumbrances on the part of the seller. 2 Mechem on Sales, § § 1302, 1304. But for breach of an express warranty against incumbrances the remedy, in the absence of fraud or concealment of facts, is to sue for the amount of damages sustained by reason of such incumbrances. 2 Mechem on Sales, § 1797. However, the verdict was for the defendant upon these instructions; and, as there was evidence sufficient to support the verdict, the plaintiff can not complain.

Hill, C. J., absent.

Judgment is affirmed.